UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST ENGLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 126 JMB |
| | ) | |
| MICHELE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ernest Engles' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.      Procedural Background**

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri pursuant to the judgment and sentence of the Circuit Court of Dent County, Missouri. In June 2016, a jury convicted him of first degree statutory sodomy, two counts of first degree child molestation, and three counts of first degree endangering the welfare of a child (Doc. 14-5, p. 1). He was sentenced to a term of life imprisonment on the count of statutory sodomy and two consecutive terms on 15 years' imprisonment on the child molestation counts to run concurrently with 7 years' imprisonment on each of the endangering the welfare of a child counts (Doc. 14-1, pp. 880-881). On July 6, 2018, the Missouri Court of Appeals affirmed his conviction (Doc. 14-5).

Following an evidentiary hearing, Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court (Doc. 14-10, pp. 2-3). On July

19, 2021, the Missouri Court of Appeals affirmed the denial of postconviction relief. (Doc. 14-10). Petitioner timely filed his § 2254 petition on January 21, 2022, asserting two claims for relief (Doc. 1). Respondent filed a response in opposition (Doc. 14). No reply/traverse has been filed and the time for filing a reply has elapsed, rendering this matter fully briefed.

**II.     Factual Background**

The facts of the underlying criminal case are not relevant to these proceedings and will not be repeated here. It is sufficient to note that Petitioner was convicted of molesting his stepdaughter, who was under the age of 12 at the time. Petitioner's defense at trial was that other persons convinced the child that she was the victim of a crime and that her recollection of events was unreliable (See Doc. 14-1, pp. 406-417 (opening statements at trial)).

**III.    Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S.

362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406.  When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence.  Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1).  Erroneous findings of fact by the state courts do not ensure the grant of habeas relief.  Rather, the determination of these facts must be unreasonable in light of the evidence of record.  Id.

## IV.    Discussion

Liberally construing the Petition, Petitioner asserts two claims for relief: (1) ineffective assistance of trial counsel for not communicating with Petitioner and for not sharing a crucial picture of the victim with Petitioner; and (2) insufficient evidence to convict because the victim only repeated what another told her, there was no physical evidence, and the victim changed her story four times (Doc. 1).  Respondent asserts that Petitioner procedurally defaulted his claims because he did not raise them before the state appellate courts and that, in any event, his claims are without merit.[1]  Petitioner has not filed a reply brief/traverse elaborating on his claims or responding to Respondent's arguments.

State prisoners seeking habeas relief in federal court are typically limited to raising claims that have been "fairly presented" in state court proceedings.  Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020).  A claim is fairly presented when a petitioner "has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas

---

[1] Respondent concedes that the Petition was timely filed and that Petitioner exhausted state court remedies (Doc. 14, pp. 5-8).

petition." Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005) (quotation marks and citations omitted). Claims raised in federal court that have not been fully presented in state court and for which there are no remaining state remedies are procedurally defaulted and should not be considered further. Dansby v. Payne, No. 19-3006 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020). Such procedurally defaulted claims may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence). Bousley v. United States, 523 U.S. 614, 622 (1998); Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

On direct appeal, Petitioner raised one ground for relief: that the trial court erred in denying a motion to suppress physical evidence found at Petitioner's former residence (Doc. 14-2). In finding against Petitioner, the Missouri Court of Appeals held that Petitioner had no reasonable expectation of privacy in a former residence because he did not show that he owned the property, he was no longer living at the property, and the property appeared abandoned to police officers (Id. at 4-5). On appeal of his Rule 29.15 motion, Petitioner raised two grounds for relief: (1) trial and appellate counsel were ineffective for failing to object to the prosecutor's closing argument regarding the time of the offense; and, (2) the prosecutor's closing argument deprived him of due process (Doc. 14-7, pp. 11). The state court found that counsel were not ineffective pursuant to Strickland v. Washington, 466 U.S. 668 (1984), because any objection to the prosecutor's closing argument was non-meritorious. The court further found that the claim of trial error should have and could have been brought on direct appeal and not in a Rule 29.15 motion (Doc. 14-10, pp. 5-6).

Petitioner has not raised in this Court the claims he raised and fully presented in state court. Relatedly, the claims he raises before this Court were not raised or preserved before the state courts. Therefore, Petitioner has procedurally defaulted his claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner also has not shown cause and prejudice for the default. That is, he has not shown that "some objective external" factor prevented him from raising these defenses and that there was a reasonable probability that the outcome of the proceedings would have been different. Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022) (internal quotation marks and citations omitted). Accordingly, his claims are procedurally defaulted for failure to raise the claims before the state court.

To the extent that Petitioner could have argued that Claim 2 was raised in the state court, and out of an abundance of caution, the Court finds that this Claim is nonetheless defaulted. Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729-730 (1991). In his appeal on post-conviction relief, Petitioner argued that his due process rights were violated by the state's failure to specify the date of the offenses and that counsel was ineffective for failing to object (Doc. 14-7, p. 15-18). He frames this argument as a lack of notice regarding the claims against him that were amplified by the prosecutor's closing remarks informing the jury that it does not need to be concerned with the specific dates of the illegal conduct (to which trial counsel did not object). He then argues that the victim's testimony was ambiguous, inconsistent with other evidence, non-specific as to time, and that there was no other evidence of when the events occurred (Id. 17-18).

While not directly congruent with his claim before this Court, it may be argued that his due process claim before the state court is similar to the sufficiency claim in Claim 2. The state court addressed this claim as an ineffective assistance of counsel claim and denied the same pursuant to Strickland (Doc. 14-10). The court went on to hold that to the extent that Petitioner "argues the prosecutor's closing argument denied him due process and a fair trial," the claim was "not cognizable" in a Rule 29.15 proceeding because it could have and should have been raised on direct appeal (Id.).

In Missouri, a criminal litigant must pursue claims of constitutional dimension at the first opportunity. Kirk v. State, 520 S.W.3d 443 457 (Mo. 2017) (en banc). Pursuant to Missouri law, claims regarding trial court errors must be raised on direct appeal while claims regarding ineffective assistance of counsel must be raised in a Rule 29.15 motion. See Phillips v. State, 214 S.W.3d 361, 365 (Mo. Ct. App. 2007). Where a Petitioner fails to follow the procedural rules of the state courts, "any claims not properly raised before the state court are procedurally defaulted." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). Petitioner did not raise his sufficiency of the evidence or due process claims, which are trial court errors, on direct appeal. And, the state court found that there were no exceptional circumstances that would justify review of the issues. (Doc. 14-10, p. 6); See Armine v. State, 785 S.W.2d 531, 536 (Mo. 1990) (en banc). Accordingly, this claim is procedurally defaulted for this additional reason.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Ernest Engles for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C.

§ 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of September, 2022.